Mrs. Anne M. Gough, R.N. Executive Secretary Colorado State Board of Nursing 115 State Services Building 1525 Sherman Street Denver, Colorado 80203
Dear Mrs. Gough:
I am in receipt of your letter of January 17, 1977 in which you request certain advice prior to making further decisions on proposed rules and regulations involving the regulations of psychiatric technicians. I should note initially that this letter is not a formal rules' opinion required to be obtained under C.R.S. 1973, 24-4-103(8)(b) before a rule of any agency shall be issued. However, in order to provide the Board with some guidance during their deliberations on the proposed rules, I will respond to the questions you have raised in your letter.
QUESTIONS PRESENTED AND CONCLUSIONS
1. The first question that must be answered is whether or not the Colorado Board of Nursing (hereinafter referred to as "Board") has rule-making authority with respect to its regulation of psychiatric technicians.
 My conclusion is that the Board of Nursing has no statutory authority to adopt rules and regulations concerning psychiatric technicians.
2. You also expressed your concern in your letter over issuing regulations which only apply to psychiatric technicians employed in state institutions occasioned by the 1976 amendment to C.R.S. 1973, 12-42-102.
 In light of my conclusion that the Board lacks rule-making authority in its regulation of psychiatric technicians, there is no need to address this issue.
ANALYSIS
C.R.S. 1973, 12-42-103 provides as follows:
 State Board of Nursing. The licensing and regulation of psychiatric technicians shall be under the control of the state board of nursing.
Nowhere in Article 42 of Title 12 does there appear any specific authority for the Board to promulgate rules or regulations as part of its regulation of psychiatric technicians. Moreover, C.R.S. 1973, 12-38-209(1) provides in relevant part:
The board has the power to:
. . . .
 (i) adopt rules and regulations that are necessary to carry out the purposes of this part 2 such rules and regulations to be promulgated in accordance with the provisions of article 4 of title 24, C.R.S. 1973;
 (j) administer the licensing and regulation of psychiatric technicians pursuant to article 42 of this title;
 (k) at the time the board determines that rules and regulations are completed and established, the board shall make copies available of such rules and regulations to all licensees regulated under this part 2.
The above cited rule-making authority of the Board according to the terms of section 209(1) relates directly to its regulation of professional nurses under part 2 of article 38 and not
its regulation of psychiatric technicians pursuant to article 42. This construction is supported by the above quoted language found in subparagraph (k) which requires the Board to send copies of its rules to "all licensees regulated under this part 2" which includes only professional nurses and not psychiatric technicians.
In light of the above, I am compelled to conclude that under the present state of the law the Board has no authority to promulgate rules and regulations concerning psychiatric technicians. Accordingly, the Board must carry out its regulation of psychiatric technicians within the specific confines of article 42 of title 12, C.R.S. 1973 without the benefit of rule-making authority, which is useful in further delineating the meaning of statutory provisions that the Board administers.
You also expressed your concern in your letter over issuing regulations which only apply to psychiatric technicians employed in state institutions occasioned by the 1976 amendment to C.R.S. 1973, 12-42-102. In light of my conclusion that the Board lacks rule-making authority in its regulation of psychiatric technicians, there is no need to address this issue.
While I know you may be somewhat concerned with the lack of rule-making authority in your regulation of psychiatric technicians, this is a problem which must be dealt with by the legislature.
SUMMARY
The Board of Nursing has no statutory authority to adopt rules and regulations concerning psychiatric technicians.
Very truly yours,
 J.D. MacFARLANE Attorney General
MEDICAL PRACTITIONERS, LIMITED
C.R.S. 1973, 12-42-103
C.R.S. 1973, 12-38-209(1)
REGULATORY AGENCIES, DEPT. Nursing, Bd. of
The Nursing Board has no statutory authority to adopt rules and regulations concerning psychiatric technicians.